JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 24-0116-KK-SPx | Date: | February 20, 2024 |
|---|---|---|---|
| Title: | *Mingyue Yuan v. Alejandro Mayorkas, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

I.
**PROCEDURAL HISTORY**

On January 18, 2024, plaintiff Mingyue Yuan ("Plaintiff") filed a Complaint against defendants Alejandro Mayorkas, Merrick Garland, David Radel (collectively, "Defendants") asserting claims for mandamus relief pursuant to 28 U.S.C. § 1361 and relief under the Administrative Procedure Act ("APA") due to Defendants' alleged delay in processing her application for asylum and for Withholding of Removal. ECF Docket No. ("Dkt.") 1, Complaint.

On February 1, 2024, this Court issued a Civil Standing Order warning Plaintiff she must be familiar with all Local Rules within the Central District of California, including Local Civil rule 41-6, requiring Plaintiff to notify the Court and Defendants of any change in Plaintiff's address and the effective date of such address change. Dkt. 8.

On February 5, 2024, the Court received notice that multiple items of mail addressed to Plaintiff had been returned undeliverable. Dkts. 9-11, 13. On February 8, 2024, the Court received another notice that mail to Plaintiff was returned undeliverable. Dkt. 14. The Court made five attempts to send mail to Plaintiff, but the mail was returned as undeliverable each time.

On February 8, 2024, the Court issued an Order to Show Case ("OSC") for failure to provide an updated address to the Court. Dkt. 12. The Court warned Plaintiff that "failure to file a

timely response will result in dismissal for failure to prosecute and/or comply with Court orders." Id.

To date, Plaintiff has not provided an updated address to this Court or responded to the OSC. Additionally, the Court has not received any communication from Plaintiff since January 18, 2024. See dkts. 1-5.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See FED. R. CIV. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not responded to the Court's February 8, 2024 OSC or provided an updated address to the Court. Dkt. 12. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on her responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See dkt.12. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown she is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see dkt. 12.

### III.
### CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders. **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**